UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Talukder Shobuj, individually and on behalf of all other persons similarly situated

Plaintiff,

v.

Marina Hospitality LLC, d/b/a WORLDS FAIR MARINA RESTAURANT & BANQUET, Vishal Sharma, and Pankaj Bhatara,

Defendants.

Case No.: 26-cv-3241

COMPLAINT AND JURY DEMAND

Plaintiff Talukder Shobuj, referred to as “Plaintiff”, on his own behalf and on behalf of all other individuals similarly situated (the 'FLSA Collective Plaintiffs' and 'New York Class Plaintiffs'), by and through their undersigned attorneys hereby files this Complaint against the Defendants Marina Hospitality LLC, d/b/a Worlds Fair Marina Restaurant & Banquet, and Vishal Sharma, whereby they allege and show the Court the following:

## INTRODUCTION

1. This is a civil action brought by Plaintiff Talukder Shobuj, individually and on behalf of all other individuals similarly situated, for violations of the Fair Labor Standards Act (“FLSA”), 29 U.S.C. §§ 201 et seq., and the New York Labor Law (“NYLL”), Laws §§ 190 et seq. and §§ 650 et seq., and the supporting New York State Department of Labor regulations, including the Hospitality Industry Wage Order, 12 N.Y.C.R.R. Part 146, arising from Defendants’ various willful and unlawful employment practices, including but not limited to, the failure to

pay proper overtime compensation and spread-of-hours premiums, and the failure to provide statutory wage notices and accurate wage statements.

2. Plaintiff also seeks redress for unlawful discrimination, harassment, a hostile work environment, and wrongful termination/constructive discharge based on his religion (Islam), age, and disability, as well as unlawful retaliation, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq., the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111 et seq., the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 et seq., and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-107 et seq.

3. Plaintiff alleges, pursuant to the FLSA, NYLL, Title VII, ADEA, ADA, NYSHRL, and NYCHRL, that he and the members of the FLSA Collective and NYLL Class are entitled to recover from the Defendants: (1) unpaid overtime compensation, (2) unpaid spread-of-hours premiums, (3) statutory damages for violations of the New York Wage Theft Prevention Act ("WTPA"), (4) compensatory damages, including front pay, back pay, and damages for emotional distress, (5) punitive damages, (6) liquidated damages, (7) pre-judgment and post-judgment interest, and (8) reasonable attorneys' fees, expert fees, and costs of this action.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

5. This Court also has original jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff brings claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA"). Plaintiff received a Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC") and files this action within ninety (90) days of receipt.

6. Plaintiff Talukder Shobuj is a resident of Elmhurst, New York.

7. Defendant Marina Hospitality LLC d/b/a Worlds Fair Marina Restaurant & Banquet is a business entity located in Flushing, NY, and was Plaintiff's employer at all relevant times.

8. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims alleged herein took place in the Eastern District as well.

FACTUAL ALLEGATIONS

**Wage and Hour Violations**

9. Plaintiff was employed as an executive chef by Defendants with its principal place of business at 1 World's Fair Marina, Flushing, NY 11368, from at least since 2009 until April 8, 2026.

10. Upon information and belief, Corporate Defendant, Marina Hospitality LLC. is a domestic business corporation organization and existing under the laws of the State of New York and maintaining its principal place of business at 1 World's Fair Marina, Flushing, NY 11368.

11. Upon information and belief, Defendant Vishal Sharma and Pankaj Bhatara are the owners, officers, directors and/or managing agents of Marina Hospitality LLC. Defendant Pankaj Bhatara during all relevant time held him out as owner/co-owner/managing partner of the corporate Defendant. Defendant Vishal Sharma during all relevant time held him out as the president of the corporate Defendant.

12. Defendants Vishal Sharama and Pankaj Bhatara hired Plaintiff initially and determined Plaintiff's rate of pay and set Plaintiff's working schedules.

13. During Plaintiff's employment with Defendants, he is generally scheduled for a standard shift from 11:00 AM to 9:00 PM.

14. However, due to scheduled banquets and events, Plaintiff was frequently required to work late hours, often extending to 11:00 PM or later.

15. Mostly, Plaintiff was scheduled to work 6 days a week with Mondays off.

16. Additionally, if the customers booked events, Plaintiff was required to work 7 days a week. For example, immediately before Plaintiff was terminated by Defendant, he worked for 7 days during the week of June 15, 2025 to June 21, 2025. For this particular week, he worked on the following schedule:

| Sun | Mon | Tue | Wed | Thu | Fri | Sat |
|---|---|---|---|---|---|---|
| 8am – 11pm | 11am – 9pm | 11am – 11pm | 11am – 10pm | 11am – 10pm | 11am – 9pm | 8am – 12 midnight |
| 15 hrs | 10 hrs | 12 hrs | 11 hrs | 11 hrs | 10 hrs | 16 hrs |

17. For the week of June 15, 2025, to June 21, 2025, Plaintiff worked approximately 85 hours. Based on his promised annual salary of $117,000 (equivalent to a regular rate of approximately $56.25 per hour for a 40-hour workweek), Plaintiff's overtime rate was

approximately $84.38 per hour. Defendants failed to pay Plaintiff any overtime premium for the 47 overtime hours worked during this specific week, resulting in a direct and concrete financial injury to Plaintiff. This practice of paying a flat rate regardless of overtime hours was uniformly applied throughout Plaintiff's employment.

18. During Plaintiff’s entire employment period, he was not offered uninterrupted meal breaks.

19. Since January 28, 2020 was paid a gross weekly wage of $1,650 paid in combination of Cash and Check.

20. Since May 29, 2022, Plaintiff was paid an annual rate of 96,200 regardless of the hours worked.

21. On January 8, 2025, Defendants promised to pay Plaintiff an annual salary of $117,000 in combination of Check and Cash commence from January 13, 2025. Defendants promised to pay an annual salary of $127,400 from January 12, 2026.

22. During Plaintiff’s employment period, while Plaintiff was titled executive chef, he was working as a manual worker without authorization to hire and fire or manage any employee of the Defendant.

23. During Plaintiff’s employment period, Plaintiff consistently worked over 40 hours per week, frequently reaching 65 to 85 hours per week.

24. Defendant failed to pay Plaintiff the mandatory overtime premium (1.5x) for hours worked in excess of 40 per week.

25. Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their time worked, thus failed to keep full and accurate records of Plaintiff's respective hours and wages.

26. Defendant failed to provide accurate wage notices and wage statements as required by the NYLL (WTPA). Such failure to provide the required statutory notices and accurate wage statements caused Plaintiff concrete financial harm, as it obscured the unlawful underpayment of wages, prevented him from accurately computing his accrued overtime and spread-of-hours pay, and directly facilitated Defendants' multi-year wage theft scheme.

**Collective and Class Action Allegation**

27. Plaintiff brings his FLSA overtime claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of himself and the following class of similarly situated individuals (the "FLSA Collective"):

28. Upon information or believe, all non-exempt employees, including but not limited to chefs, cooks, kitchen staff, and manual laborers, employed by Defendants at any time during the three (3) years preceding the filing of this Complaint through the date of final judgment, who worked in excess of forty (40) hours per week but were not paid overtime compensation at the statutory rate of one-and-one-half times their regular rate of pay.

29. Upon information or believe, Plaintiff and the FLSA Collective members are similarly situated in that they all performed similar manual and culinary duties, were subjected to Defendants' common policy and practice of failing to pay statutory overtime premiums, and were paid fixed salaries or flat rates regardless of the actual number of hours they worked.

30. Defendants' violations of the FLSA were willful, systematic, and part of a widespread practice applied uniformly to Plaintiff and all members of the FLSA Collective.

**CLASS ACTION ALLEGATIONS**

31. Plaintiff brings his New York Labor Law ("NYLL") claims pursuant to Federal Rule of Civil Procedure 23 on behalf of himself and a class defined as follows (the "NYLL Class"):

32. All non-exempt employees, including but not limited to chefs, cooks, kitchen staff, and manual laborers, employed by Defendants in the State of New York at any time during the six (6) years preceding the filing of this Complaint through the date of final judgment, who were denied statutory overtime premiums, spread-of-hours pay, and/or proper statutory wage notices and accurate wage statements.

33. Upon information and belief, the members of the NYLL Class are so numerous that joinder of all members is impracticable. While the exact number is uniquely within Defendants' possession, Plaintiff estimates the class exceeds forty (40) individuals.

34. Common questions of law and fact exist as to all members of the NYLL Class, including: (i) whether Defendants failed to pay overtime at 1.5 times the regular rate; (ii) whether Defendants failed to pay spread-of-hours premiums; and (iii) whether Defendants failed to provide statutory wage notices under NYLL § 195(1) and wage statements under NYLL § 195(d).

35. Upon information and belief, Defendants maintained a uniform policy and practice of failing to pay spread-of-hours premiums to all NYLL Class members who worked shifts spanning more than ten (10) hours per day, thereby violating 12 N.Y.C.R.R. § 146-1.6.

36. Plaintiff's claims are typical of the claims of the NYLL Class. Plaintiff was a manual worker employed by Defendants, worked excessive hours without overtime or spread-of-hours pay, and never received proper statutory notices or pay stubs.

37. Plaintiff will fairly and adequately protect the interests of the NYLL Class and has retained counsel competent and experienced in complex wage and hour class actions.

38. Questions of law and fact common to the NYLL Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

**Discrimination and Wrongful Termination**

39. During his employment, Plaintiff was subjected to disparate treatment and a hostile work environment based on her age, disability and religious beliefs. The discriminatory and demeaning conduct by Defendants' management intensified significantly during the latter part of 2025 and early 2026, leading directly to his termination.

40. Plaintiff was abruptly terminated by Defendant. This termination was not based on performance but was motivated by discriminatory animus and/or retaliation.

41. Defendants' operation was to provide "halal" foods for the customers. Plaintiff is a member of Muslim. For several events hosted by Defendants, customers are ordering "Halal" foods. Defendants instructed Plaintiff to prepare "Haram" foods instead of "Halal", and requires Plaintiff to tell customers those foods are "Halal" foods. It is against Plaintiff's religious beliefs.

42. Plaintiff refused to follow such direction. In return, Defendants fired Plaintiff.

43. Additionally, Plaintiff is Hearing Impaired. Throughout Plaintiff's employment, Defendant's management repeatedly made derogatory comments regarding Plaintiff's hearing impairment, frequently referring to him as 'deaf' in a mocking and demeaning manner.

44. Defendant's conduct created a hostile work environment so pervasive and severe that it altered the conditions of Plaintiff's employment.

45. Following the wrongful termination, Plaintiff remained unemployed despite diligent efforts until last week.

46. Plaintiff's previous compensation was approximately $2,450 per week (based on $127,400 annual/regular rate). Her new position pays $1,600 per week, resulting in ongoing front pay damages and back pay loss.

47. Plaintiff filed a timely charge of discrimination with the EEOC on May 12, 2026. Plaintiff received a Notice of Right to Sue from the EEOC dated May 27, 2026, and files this action within ninety (90) days of receipt.

**FIRST CAUSE OF ACTION**

**(FLSA - Failure to Pay Overtime)**

48. Plaintiff repeats, realleges, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

49. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

50. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

51. As a result of Defendants' willful failure to compensate Plaintiff, at a rate at least one-and-one half times the regular rate of pay for work performed in excess of forty hours per

workweek, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. § 201 et seq., including 29 U.S.C. § 207(a)(1) and 215(a).

52. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

53. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants their unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**

**(NYLL - Failure to Pay Overtime)**

54. Plaintiff repeats, realleges, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

55. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, § 2 and § 651.

56. Defendants willfully violated Plaintiff's respective rights by failing to pay them overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law § 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

57. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

58. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants their respective unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**THIRD CAUSE OF ACTION**

**(Spread of Hours)**

59. Pursuant to the New York Hospitality Industry Wage Order, 12 N.Y.C.R.R. § 146-1.6, an employee is entitled to receive one hour's pay at the basic minimum wage rate for each day on which the spread of hours exceeds 10 hours. This requirement applies to all non-exempt hospitality employees regardless of their regular rate of pay.

60. During his employment with Defendants, Plaintiff regularly worked shifts with a spread of hours exceeding ten (10) hours per day (e.g., working from 8:00 AM to 11:00 PM, or 8:00 AM to 12:00 Midnight), but Defendants willfully failed to pay Plaintiff the required spread-of-hours premium for any such days, in direct violation of the NYLL and 12 N.Y.C.R.R. § 146-1.6.

**FOURTH CAUSE OF ACTION**

**(VIOLATION OF NEW YORK LABOR LAW - TIME OF HIRE WAGE NOTICE REQUIREMENT)**

61. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

62. The Defendants failed to furnish to the Plaintiff at his time of hiring as well as prior to any subsequent changes to his rate of pay a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging

allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL, § 195(1).

63. Due to the Defendants' violation of the NYLL, § 195(1, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

**FIFTH CAUSE OF ACTION**

**(Violation of New York Labor Law—New York Pay Stub Requirement)**

64. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

65. The NYLL and supporting regulations require employers to provide detailed pay stub information to employees every payday. NYLL §195-1(d).

66. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the pay stub on or after each Plaintiff's payday.

67. Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff, for costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

## SIXTH CAUSE OF ACTION

## (Title VII – Religious Discrimination, Hostile Work Environment, and Retaliation)

68. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

69. At all relevant times, Plaintiff was an employee and Defendants were employers within the meaning of Title VII, 42 U.S.C. § 2000e et seq.

70. Plaintiff is a practicing Muslim, a protected class under Title VII.

71. Defendants discriminated against Plaintiff by requiring him to prepare and falsely represent "Haram" food as "Halal," in direct conflict with Plaintiff's sincerely held religious beliefs. Plaintiff's refusal to violate his religious beliefs constituted protected activity under Title VII.

72. Defendants subjected Plaintiff to disparate treatment, harassment, and a hostile work environment because of his religion, and terminated him and/or constructively discharged him in immediate retaliation for his protected activity of opposing and refusing to engage in fraudulent and religiously non-compliant conduct (falsely representing Haram food as Halal)

73. Defendants' conduct violated Title VII's prohibitions against discrimination, hostile work environment, and retaliation.

74. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered lost wages, emotional distress, humiliation, and other damages.

75. Plaintiff is entitled to compensatory damages, punitive damages, back pay, front pay, attorneys' fees, and all other relief available under Title VII.

## SEVENTH CAUSE OF ACTION

## (ADEA – Age Discrimination)

76. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

77. At all relevant times, Plaintiff was over 40 years old and therefore a member of a protected class under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.

78. Defendants treated Plaintiff less favorably than younger employees and subjected him to discriminatory comments and adverse actions based on his age.

79. Plaintiff's termination was motivated, at least in part, by unlawful age-based animus.

80. Defendants' actions constitute willful violations of the ADEA.

81. As a result, Plaintiff is entitled to back pay, front pay, liquidated damages, attorneys' fees, and all other relief available under the ADEA.

**EIGHTH CAUSE OF ACTION**

**(ADA – Disability Discrimination, Hostile Work Environment, and Wrongful Termination)**

82. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

83. Plaintiff is hearing impaired, a disability within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.

84. Plaintiff was fully capable of performing the essential functions of his job with or without reasonable accommodation.

85. Defendants' management repeatedly mocked Plaintiff's hearing impairment, referring to him as "deaf" in a derogatory manner, creating a hostile work environment and subjected Plaintiff to discriminatory treatment because of his disability.

86. Plaintiff's disability was a motivating factor in Defendants' decision to terminate his employment.

87. Defendants' conduct constitutes discrimination, hostile work environment, failure to accommodate, and wrongful termination in violation of the ADA.

88. As a result, Plaintiff suffered lost wages, emotional distress, and other damages and is entitled to compensatory damages, punitive damages, back pay, front pay, attorneys' fees, and all other relief available under the ADA.

**NINTH CAUSE OF ACTION**

**(NYSHRL – Age, Religion, and Disability Discrimination; Hostile Work Environment; Retaliation; Wrongful Termination)**

89. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

90. At all relevant times, Plaintiff was an "employee" and Defendants were "employers" within the meaning of the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 et seq.

91. Plaintiff is a member of multiple protected classes under the NYSHRL, including: Religion (Muslim), Age (over 40), and Disability (hearing impairment)

92. Defendants discriminated against Plaintiff by: 1) Requiring him to prepare and falsely represent "Haram" food as "Halal," in direct conflict with his religious beliefs, 2) Making derogatory comments about Plaintiff's hearing impairment, including repeatedly calling him "deaf" in a mocking manner, 3) Treating Plaintiff less favorably than younger employees, 4) Subjecting Plaintiff to a hostile work environment based on religion, disability, and age, and 5)

Terminating Plaintiff's employment because of his protected characteristics and/or in retaliation for opposing discriminatory practices.

93. Defendants' conduct violated NYSHRL §§ 296(1)(a), 296(6), and 296(7).

94. As a direct and proximate result of Defendants' unlawful actions, Plaintiff suffered emotional distress, humiliation, loss of income, and other damages.

95. Plaintiff is entitled to compensatory damages, punitive damages, back pay, front pay, attorneys' fees, and all other relief available under the NYSHRL.

**TENTH CAUSE OF ACTION**

**(NYCHRL – Age, Religion, and Disability Discrimination; Hostile Work Environment; Retaliation; Wrongful Termination)**

96. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

97. At all relevant times, Plaintiff was an employee and Defendants were employers within the meaning of the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 et seq.

98. The NYCHRL must be construed "liberally" and provides broader protections than federal or state law.

99. Plaintiff is a member of protected classes under the NYCHRL based on: Religion (Muslim), Age (over 40), and Disability (hearing impairment).

100. Defendants violated the NYCHRL by: 1) Pressuring Plaintiff to violate his religious beliefs, 2) Mocking his disability and creating a hostile work environment, 3) Treating him less favorably due to age, and 4) Terminating him because of his protected characteristics and/or in retaliation for opposing discriminatory conduct.

101. Defendants' actions constitute discrimination, hostile work environment, and retaliation in violation of N.Y.C. Admin. Code §§ 8-107(1), 8-107(6), and 8-107(7).

102. As a result, Plaintiff suffered emotional distress, lost wages, and other damages.

103. Plaintiff is entitled to all remedies available under the NYCHRL, including compensatory damages, punitive damages, back pay, front pay, attorneys' fees, and civil penalties.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, granting the following relief:

A. Designating this action as a collective action on behalf of the FLSA Collective Plaintiffs, and directing the issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals, and designating Plaintiff Talukder Shobuj as the representative of the FLSA Collective;

B. Certifying this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of the New York Class Plaintiffs, and designating Plaintiff Talukder Shobuj as the Class Representative and the undersigned counsel as Class Counsel;

C. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

D. An award of unpaid spread-of-hours premiums pursuant to the New York Labor Law and 12 N.Y.C.R.R. § 146-1.6;

E. An award of liquidated damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216(b) and the New York Labor Law § 198 and § 663;

F. Statutory damages for Defendants' violations of the New York Wage Theft Prevention Act pursuant to NYLL § 195(1) and § 195(d);

G. An award of economic damages, including back pay and front pay, according to proof at trial, for violations of Title VII, the ADEA, the ADA, the NYSHRL, and the NYCHRL;

H. An award of compensatory damages for emotional distress, mental anguish, and humiliation caused by Defendants' discriminatory and retaliatory conduct under Title VII, the ADA, the NYSHRL, and the NYCHRL;

I. An award of punitive damages for Defendants' malicious, reckless, and wanton disregard of Plaintiff's federally and state-protected rights under Title VII, the ADA, and the NYCHRL;

J. An award of pre-judgment and post-judgment interest;

K. An award of costs and expenses of this action, together with reasonable attorneys' fees and expert fees pursuant to 29 U.S.C. § 216(b), NYLL § 198, Title VII, the ADEA, the ADA, and the NYCHRL; and

L. Such other, further, and different relief as this Court deems just, proper, and equitable.

Date: 5/29/2026

/s/Shan Zhu
Shan Zhu
38-08 Union Street 9A
Flushing, NY 11354
Tel: 347-470-7008
Email: shan.zhulaw@gmail.com
*Attorney for Plaintiff*